People v Martin (2024 NY Slip Op 01401)

People v Martin

2024 NY Slip Op 01401

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

78 KA 22-00507

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEANDRE MARTIN, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BENJAMIN ANDERSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 3, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree and reckless endangerment in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and reckless endangerment in the first degree (§ 120.25), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. As the People correctly concede, defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and therefore does not preclude our review of his challenge to the severity of the sentence (see People v Albanese, 218 AD3d 1366, 1366-1367 [4th Dept 2023], lv denied 40 NY3d 995 [2023]). However, we conclude that the sentence is not unduly harsh or severe.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court